1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                       NORTHERN DISTRICT OF CALIFORNIA

8

9    JASON STONEBRAKER,                    Case No. 16-cv-02402 RMW (PR)

            Plaintiff,

10                                          **ORDER OF DISMISSAL WITH LEAVE
                                            TO AMEND**
        v.

11

12   JOY KICK, et al.,

13          Defendants.

14

15          Plaintiff, a California state pretrial detainee, proceeding pro se, filed a civil rights

16   complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed in forma

17   pauperis in a separate order.  For the reasons stated below, the court dismisses the complaint with

18   leave to amend.

19                                 **DISCUSSION**

20   A.    Standard of Review

21          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

22   redress from a governmental entity or officer or employee of a governmental entity.  See 28

23   U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

24   claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

25   monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro

26   Case No. 16-cv-02402 RMW (PR)
     ORDER OF DISMISSAL WITH LEAVE TO AMEND

27                                      1

28

United States District Court
Northern District of California

se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Plaintiff's Claims

In the complaint, plaintiff alleges that in February 2016, he had a phone conversation with Nurse Herhinder Dhanoa regarding an eye examination.  Nurse Joy Kick then examined plaintiff's eyes, and told him that his eyes were "really bad."  Plaintiff told both nurses that he was experiencing headaches, migraines, felt fatigued, had pain in his eyes, and was seeing black spots. Plaintiff alleges that both nurses failed to provide pain relief medication and failed to consult a physician.  Three days later, Nurse Joy Kick told plaintiff that she consulted with Dr. Dennis McBride, who would not provide plaintiff with pain medication, and informed plaintiff to buy Ibuprofen from the commissary.  On April 22, 2016, plaintiff sent a grievance to Health Administrator Sam Rosales, but Sam Rosales did not take any action.  Plaintiff finally alleges that Contra Costa County has an unofficial policy of not providing its inmates with pain relief.

It appears that plaintiff is attempting to raise the claim that defendants were deliberately indifferent to his serious medical needs.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  As currently, pled, plaintiff has not set forth facts

Case No. 16-cv-02402 RMW (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

2

United States District Court
Northern District of California

United States District Court
Northern District of California

1    sufficient to support a plausible claim that defendants exhibited deliberate indifference to his

2    serious medical needs.  A prison official is deliberately indifferent if he knows that a prisoner

3    faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps

4    to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be

5    aware of facts from which the inference could be drawn that a substantial risk of serious harm

6    exists," but he "must also draw the inference."  Id.  Here, there are no facts to show that any

7    defendant was aware that the failure to prescribe pain medication would create a substantial risk of

8    serious harm to plaintiff.  Accordingly, the complaint is dismissed with leave to amend if plaintiff

9    believes in good faith that he can state a cognizable claim.

10           In addition, plaintiff is reminded that the Prison Litigation Reform Act of 1995, Pub. L.

11   No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o

12   action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

13   Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

14   administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  An action must be

15   dismissed unless the prisoner exhausted his available administrative remedies before he or she

16   filed suit, even if the prisoner fully exhausts while the suit is pending.  McKinney v. Carey, 311

17   F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006)

18   (where administrative remedies are not exhausted before the prisoner sends his complaint to the

19   court it will be dismissed even if exhaustion is completed by the time the complaint is filed).

20           The court notes that here, plaintiff submitted an informal grievance on April 11, 2016, and

21   then a first formal grievance to Health Administrator Sam Rosales on April 22, 2016.  Normally,

22   an inmate must submit his first formal level grievance to a deputy.  It does not appear that plaintiff

23   should have submitted his grievance to Health Administrator Sam Rosales for processing.

24   Moreover, plaintiff submitted this federal civil rights complaint a mere four days after he

25   submitted his first formal grievance before asserting in this complaint that he received no response

26   Case No. 16-cv-02402 RMW (PR)
     ORDER OF DISMISSAL WITH LEAVE TO AMEND

27                                                      3

28

from Health Administrator Sam Rosales.  The court notes that inmates are not required to specifically plead or prove proper exhaustion in their complaints.  See Jones v. Bock, 549 U.S. 199, 204, 215-17 (2007).   The court also recognizes that the Martinez Detention Facility has a grievance policy in place that sets forth the grievance process.  If plaintiff believes that he has indeed properly exhausted all available remedies as required by the PLRA, he may file an amended complaint to correct the deficiencies listed in the previous paragraph.

### CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.      The complaint is DISMISSED with leave to amend.  If plaintiff believes he can cure the above-mentioned deficiencies in good faith, he must file an amended complaint within twenty-eight days from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 16-2402 RMW (PR)) and the words AMENDED COMPLAINT on the first page.  Failure to file an amended complaint within twenty-eight days and in accordance with this order may result in the dismissal of this case.

2.      Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

3.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:  July 26, 2016

RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

Case No. 16-cv-02402 RMW (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

4

United States District Court
Northern District of California